

**FILED**

OCT 0 9 2014

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAVID L. WEIK,<br><br>Plaintiff,<br><br>vs.<br><br>THRESA A. GOLDBERG, et al., individually; FRANK BROAD, et al., individually; SARA VILHUBER, et al., individually; DOES I-X; JANE DOES I-X; CORPORATIONS I-X; and XYZ PARTNERSHIPS I-X,<br><br>Defendants. | CV 14–182–M–DLC–JCL<br><br><br>ORDER |

United States Magistrate Judge Jeremiah Lynch entered his order, findings, and recommendation on September 12, 2014, ultimately recommending that Defendants' motion to dismiss, as applied to Plaintiff Weik's amended complaint, be granted. Weik failed to timely object to the findings and recommendation, and so waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The Court will therefore review the record for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court adopts Judge Lynch's findings and recommendation in full.

Weik's amended complaint fails to state a colorable civil rights claim. His

allegations pursuant to 42 U.S.C. § 1983 fail due to a lack of conduct on Defendants' part that is "fairly attributable to the government": neither Goldberg's use of the Montana state judicial system, the assistance she received from an unidentified public advocate, nor Defendants alleged joint actions with each other constitutes state action under the statute. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). Likewise, Weik's allegations under 42 U.S.C. § 1985 fail to state a cognizable civil rights claim: Weik neither alleges he was the victim of conspiratorial "class-based, invidiously discriminatory animus," *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002), nor that he suffered an injury in connection with the "institutions and processes of the federal government" subject to the portion of the statute upon which he relies. *Kush v. Rutledge*, 460 U.S. 719, 726 (1983). Finally, Weik's invocation of 42 U.S.C. § 1988 is inapposite – in the absence of a claim under §§ 1983 or 1985, § 1988 does not support or provide a cause of action. *Moor v. County of Alameda*, 411 U.S. 693, 703-704 (1973) (§ 1988 "instructs federal courts as to what law to apply in causes of actions arising under federal civil rights acts," and "was [not] meant to authorize the wholesale importation into federal law of state causes of action – not even one purportedly designed for the protection of federal civil rights").

Weik's claims under 18 U.S.C. §§ 241 and 242 are inappropriately pled in

his civil complaint – the provisions are federal criminal statutes and as such provide no basis for civil liability. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980)).

Finally, Weik's amended complaint fails to adequately plead a cognizable anti-trust cause of action under either the Sherman Act, 15 U.S.C. § 1, et seq., or the Clayton Act, 15 U.S.C. § 15. Part and parcel of a claim under these statutes is "an injury to competition beyond the impact on the plaintiff[]," meaning the alleged anti-competitive conduct must have produced a *market* effect. *Brantley v. NBC Universal, Inc.*, 675 F.3d 1192, 1198-1200 (9th Cir. 2012) (citations omitted). Judge Lynch found, and this Court agrees, that Weik's allegations contour a personal business injury only, and therefore do not reach the threshold requirements for a statutory anti-trust action.

In light of his recommendation that all of Weik's federal law claims be dismissed, Judge Lynch further recommended that this Court decline to exercise supplemental jurisdiction over Weik's state law claims, pursuant to 28 U.S.C. § 1367(c)(3). This Court agrees with Judge Lynch's determination that the remainder of Weik's claims are better pursued in the courts of the State of Montana.

Accordingly, IT IS ORDERED that Judge Lynch's findings and recommendation (Doc. 13) are ADOPTED IN FULL. Defendants' motion to dismiss (Doc. 4) is GRANTED. This action is DISMISSED with prejudice. The Clerk of Court shall enter judgment in favor Defendants and against Plaintiff. This case is CLOSED.

DATED this 9th day of October 2014.

Dana L. Christensen, Chief Judge
United States District Court